UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LOUIS HERRERO and
BRIAN RADLOFF,

    Plaintiffs,

v.

NEW COUNTRY MOTOR CARS
OF PALM BEACH, LLC d/b/a
MERCEDES-BENZ OF PALM BEACH,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

COME NOW, the Plaintiffs, LOUIS HERRERO and BRIAN RADLOFF, by and through their undersigned attorney, and hereby file this Complaint against Defendant, NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC d/b/a MERCEDES-BENZ OF PALM BEACH, a Florida limited liability company, and as grounds therefore, allege as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages arising out of Defendant's failure to lawfully pay overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (the "FLSA").

2.    This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, and has jurisdiction pursuant to 29 U.S.C. § 216(b), as these claims arise out of Defendant's violations of the FLSA, 29 U.S.C. § 207.

3.    Venue is proper as all of the actions or omissions giving rise to these claims occurred in this District, and Defendant is subject to personal jurisdiction in Florida.

## PARTIES

4. At all times material hereto, Defendant, NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC d/b/a MERCEDES-BENZ OF PALM BEACH, a Florida limited liability company ("NEW COUNTRY" or "Defendant"), was a company licensed to conduct, and actively conducting, business in the State of Florida, and maintained its principal place of business at 4000 Okeechobee Boulevard, West Palm Beach, Florida 33409.

5. At all times material hereto, Plaintiffs worked for NEW COUNTRY at its principal place of business in West Palm Beach, Florida, and were residents of Palm Beach County, Florida.

6. At all times material hereto, NEW COUNTRY was an enterprise engaged in "interstate commerce" or in the "production of goods for commerce" as defined by the FLSA, and upon information and belief, had an annual gross sales volume exceeding $500,000.00 per year.

7. Plaintiffs' job duties were such that they were individually engaged in commerce.

8. Defendant failed to pay Plaintiffs the lawful, mandatory wages required by the FLSA, specifically, by failing to pay Plaintiffs lawful minimum overtime wages, in violation of 29 U.S.C. § 207.

## COMMON ALLEGATIONS

9. NEW COUNTRY employed Plaintiff, LOUIS HERRERO ("HERRERO"), from in or about April of 2014 through on or about April 27, 2019. HERRERO worked as a concierge and/or in the sales department during his employment, and was always paid on an hourly basis.

10. NEW COUNTRY employed Plaintiff, BRIAN RADLOFF ("RADLOFF"), from on or about March 17, 2014, through on or about August 5, 2018. RADLOFF worked as a valet, concierge, and/or in the sales department during his employment, and was paid on both a "salary" and hourly basis.

11. Plaintiffs were "non-exempt" employees under the FLSA. Their job duties included greeting customers, selling vehicles, and completing related administrative tasks. They had no ability to exercise independent judgment with respect to significant matters, no ability to hire, fire, or make such recommendations, and were paid on an hourly basis during the vast majority of their employment.

12. Plaintiffs regularly worked over 40 hours per work week, including "off the clock" work, throughout their employment. From July 22, 2016, through December 31, 2017, Defendant paid them for exactly 40 hours per week (or less), and never for more than 40 hours. Starting on January 1, 2018, Defendant started paying some, but not all, of their overtime wages, however, it also implemented two (2) new "policies." The first was requiring them to expressly acknowledge that their work week consisted of 45 total hours, and no pre-approved overtime hours, and, that any "non-approved" overtime would not be paid; in other words, no overtime.  The second was an "automatic lunch-deduction" policy whereby Defendant automatically deducted one (1) hour from their time and pay each work day, regardless of whether or not they took an actual meal break.

13. Defendant failed to pay Plaintiffs the lawful, mandatory minimum overtime rate of one and one-half (1 ½) times their regular hourly rates for all of the hours that they worked in excess of 40 hours per work week, throughout their employment.

14. HERRERO estimates that he is owed approximately $44,962.84 in unpaid overtime premiums, and an equal amount in liquidated damages. He was always paid on an hourly basis at a regular rate of $12.50 per hour, and thus, his minimum lawful overtime rate was always $18.75 per hour ($12.50 x 1.5 = $18.75).  He maintains that he worked an average of 55 hours per week throughout his employment.

   a. From July 22, 2016, through December 31, 2017 (76 weeks), Defendant did not pay him anything for the 15 hours over 40 hours that he worked each week.  Thus,

      Defendant owes him $21,375.00 for this time period ($18.75/hour x 15 hours/week = $281.25/week x 76 weeks = $21,375.00).

  b. From January 1, 2018, through April 27, 2019 (68 weeks), his express schedule called for 45 hours per week (he maintains he continued to work 55 hours per week), and although Defendant paid him some overtime, such payments amounted to an average of only one and one-half (1 ½) hours per week, and nothing for the remaining 13.5 hours over 40 in each week. Additionally, Defendant improperly-deducted five (5) hours from his time and pay each work week (one (1) hour each work day) under its automatic lunch-deduction policy, although he rarely, if ever, took a one (1) hour meal break. Thus, Defendant owes him $23,587.84 for this time period ($18.75/hour x 18.5 hours/week = $346.88/week x 68 weeks = $23,587.84).

15. RADLOFF estimates that he is owed approximately $17,653.28 in unpaid overtime premiums, and an equal amount in liquidated damages. His pay rate changed (as shown below), but like HERRERO, he claims that he worked an average of 55 hours per week.

  a. From July 22, 2016, through August 31, 2016 (6 weeks), he worked as a concierge, and was paid a "salary" of $400.00 per week, thus, his regular rate was $10.00 per hour ($400.00/week / 40 hours = $10.00/hour). Defendant did not pay him anything for the 15 hours over 40 hours that he worked each week. His minimum overtime rate during this period was $15.00 per hour ($10.00 x 1.5 = $15.00). Thus, Defendant owes him $1,350.00 for this time period ($15.00/hour x 15 hours/week = $225.00/week x 6 weeks = $1,350.00).

  b. From May 1, 2017, through December 31, 2017 (35 weeks), he was "officially" paid on an hourly basis at a regular rate of $10.00 per hour, and Defendant continued to not pay him anything for the 15 hours over 40 hours that he worked each week. His minimum overtime rate during this period was $15.00 per hour ($10.00 x 1.5 = $15.00). Thus, Defendant owes him $7,875.00 for this time period ($15.00/hour x 15 hours/week = $225.00/week x 35 weeks = $7,875.00).

  c. From January 1, 2018, through August 5, 2018 (31 weeks), he was paid on an hourly basis at a regular rate of $12.50 per hour. His express schedule called for 45 hours per week (he maintains he continued to work 55 hours per week), and although Defendant paid him some overtime, such payments amounted to an average of only five and one-half (5 ½) hours per week, and nothing for the remaining nine and one-half (9 ½) hours over 40 hours in each week. Additionally, Defendant improperly-deducted five (5) hours from his time and pay each work week (one (1) hour each work day) under its automatic lunch-deduction policy, although he rarely, if ever, took a one (1) hour meal break. His minimum overtime rate during this period was $18.75 per hour ($12.50 x 1.5 = $18.75). Thus, Defendant owes him $8,428.28 for this time period ($18.75/hour x 14.5 hours/week = $271.88/week x 31 weeks = $8,428.28).

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA (29 U.S.C. § 207)

16. Plaintiffs restate and allege Paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiffs were covered, non-exempt employees under the FLSA, and thus, were entitled to overtime compensation of at least one and one-half (1 ½) times their regular hourly rate for all hours worked over 40 hours in a work week.

18. Plaintiffs regularly worked over 40 hours per work week while employed by Defendant without being properly-compensated for their overtime hours, and as described above, are aware of hours for which they were not properly-compensated.

19. Defendant failed to compensate Plaintiffs at a minimum overtime rate of one and one-half (1 ½) times their regular hourly rate for all hours worked over 40 hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

20. Defendant's failure to properly compensate Plaintiffs for their overtime hours was the result of intentional and/or willful misconduct, such that Plaintiffs are entitled to recover their unpaid overtime wages for the prior three (3) years, as well as liquidated damages.

21. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered economic damages.

22. As a direct and proximate result of Defendant's actions, Plaintiffs have been forced to obtain counsel to represent them in this action, and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter, and as such, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

23. As a direct and proximate result of Defendant's actions, Plaintiffs are entitled to unpaid overtime wages, liquidated damages, attorney's fees and costs, as well as other penalties.

WHEREFORE, Plaintiffs prays that judgment be entered in their favor, and against Defendant, for their actual and compensatory damages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs further demand a trial by jury on all issues so triable.

DATED this 22nd day of July, 2019.

                    Respectfully Submitted,

SCOTT WAGNER & ASSOCIATES, P.A.
250 S. Central Blvd., Suite 104-A
Jupiter, FL 33458
Telephone:  (561) 653-0008
Facsimile:  (561) 653-0020

*s/ James C. Solomon*
James C. Solomon, Esq.
Florida Bar No.:  114132
E-Mail:  jcsolomon@scottwagnerlaw.com
mail@scottwagnerlaw.com
Alt. Address:  101 Northpoint Pkwy
West Palm Beach, FL 33407
www.ScottWagnerLaw.com
*Attorneys for Plaintiffs*

Scott Wagner & Associates, P.A.
Complaint
Page 6 of 6